IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JUAN CARLOS CENTENO CHAVEZ,

     Petitioner,

v.                                                                                    No. 1:25-cv-01246-KG-LF

GEORGE DEDOS, et al.,

     Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner Juan Carlos Centeno Chavez's Petition for a Writ of Habeas Corpus, Doc. 1.  The Court entered an Order directing the Government to answer within seven days of service of the order.  Doc. 2.  Mr. Chavez filed a Certificate of Service on January 5, 2026.  Doc. 4.  As of the date of this Order, January 20, 2026, the Government has not filed an answer.  Because Mr. Centeno Chavez's challenge presents a legal question, the Court declines to hold a hearing, *see* 28 U.S.C. § 2243, and grants his petition for the reasons below.

### I.    *Background*

Mr. Centeno Chavez is a 38-year-old Mexican citizen who entered the United States in 2005 without inspection or admission.  Doc. 1 at 5.  He lives in Fontana, California, with his partner and four U.S.-citizen children, all of whom are minors and rely on him "to provide" and "support them." *Id.* at 6.  He has no criminal history and is the Chief Executive Officer of a landscaping company. *Id.*

Immigration and Customs Enforcement ("ICE") arrested Mr. Centeno Chavez on June 15, 2025, in the Los Angeles area.  *Id.* at 6.  He remains detained at the Otero County Processing Center in New Mexico.  *Id.* at 7.  On July 17, 2025, an Immigration Judge ("IJ") ordered his release on bond, which he immediately posted.  *Id.*  In the weeks that followed, however, ICE asserted that Mr.

Centeno Chavez was "no longer eligible for bond/release due to a pending bond appeal," even though ICE never filed a notice of appeal. *Id.* at 8.

On August 6, 2025, the IJ issued an amended custody redetermination order rescinding the bond grant. *Id.* at 9. In that order, the IJ reclassified Mr. Centeno Chavez as an applicant for admission "seeking admission" and concluded that the immigration court lacked jurisdiction to grant bond. *Id.* On December 10, an IJ ordered Mr. Centeno Chavez removed. *Id.* at 10. Mr. Centeno Chavez's appeal of that decision remains pending. *See* Doc. 6.

Mr. Centeno Chavez claims his "detention...does not accord with the INA, APA, and due process requirements of the Fifth Amendment." Doc. 1 at 24. He seeks immediate release, or, in the alternative, a prompt bond hearing. *Id.* at 25.

## II.    Standard of Review

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Zadvydas*, 533 U.S. at 687.

## III.   Analysis

For the reasons below, (A) 8 U.S.C. § 1226 governs Mr. Centeno Chavez's detention, and (B) the proper remedy is a bond hearing where the Government bears the burden of proof.

### A.    Section 1226 governs XX's detention.

The Immigration and Nationality Act ("INA") establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States. *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018). Section 1225(b)(2)(A) applies to "applicant[s] for admission" who are "seeking admission" and "not clearly and beyond a doubt entitled to be admitted." The "provision mandates detention and affords no bond hearing." *Pu Sacvin v. De*

*Anda-Ybarra*, 2025 WL 3187432, at *1 (D.N.M.) (Gonzales, J.).  By contrast, § 1226(a) authorizes the arrest and detention, "on a warrant issued by the Attorney General," of noncitizens "pending a decision on whether [they are] to be removed."  Noncitizens "detained under this second detention regime are entitled to individualized bond hearings at the outset of detention."  *Pu Sacvin*, 2025 WL 3187432, at *1.

Consistent with the overwhelming majority of district courts to consider the issue and this Court's prior findings, the Court finds that § 1226 governs here.  *See Barco Mercado v. Francis*, 2025 WL 3295903, at *13 (S.D.N.Y.) (collecting 362 district-court opinions nationwide and noting that challengers prevailed in at least 350 of them, in decisions by over 160 judges across fifty courts); *see also Pu Sacvin*, 2025 WL 3187432 (Gonzales, J.); *Danierov v. Noem*, 2026 WL 45288 (D.N.M.) (Gonzales, J.); *Patel v. Noem*, 2026 WL 103163 (D.N.M.) (Gonzales, J.).  Section 1225(a)(1) defines an "applicant for admission" as a noncitizen "who has not been admitted *or* who arrives in the United States."  In contrast, § 1225(b)(2)(A)'s detention mandate applies to noncitizens "*seeking* admission" (emphasis added).  Noncitizens "seeking admission" are those who have not "effected an entry" into the United States.  *DHS v. Thuraissigiam*, 591 U.S. 103, 140 (2020).  Noncitizens "who entered the country years earlier" are not "seeking admission" and fall under § 1226.  *Pu Sacvin*, 2025 WL 3187432, at *3.

Under this framework, § 1226 governs Mr. Centeno Chavez's detention.  ICE arrested him 21 years after his initial entry into the United States.  Doc. 1 at 5.  ICE did not apprehend him at the border, but in the Los Angeles area.  *Id.*  Section 1225's mandatory detention provision therefore "does not apply" because Mr. Centeno Chavez effected an entry by living in the United States for more than two decades.  *Pu Sacvin*, 2025 WL 3187432, at *3.  He is therefore not seeking admission and is entitled to a bond hearing under § 1226.

3

**B.        *The remedy is a bond hearing where the Government bears the burden of proof.***

The proper habeas remedy is a prompt bond hearing at which the Government must prove, by clear and convincing evidence, that Mr. Centeno Chavez is a flight risk or danger to the community.  Although "under normal circumstances, the burden" at a § 1226 hearing "is on the noncitizen" to show that detention is unwarranted, Mr. Centeno Chavez's "unlawful detention...shifts that burden to the Government." *Pu Sacvin*, 2025 WL 3187432, at *3.  A noncitizen's "strong private interest in being free from civil detention" outweighs the Government's "comparatively minimal burden to justify custody." *Id.*

**IV.    *Conclusion***

The Court grants Mr. Centeno Chavez's petition, Doc. 1.  Because the Court decided the petition on statutory grounds, it need not address his other claims.  The Government must provide Mr. Centeno Chavez with a bond hearing before an IJ within seven days of this Order.  At that hearing, the Government must justify Mr. Centeno Chavez's continued detention by clear and convincing evidence.  If the Government fails to provide a bond hearing within that timeframe, it must release Mr. Centeno Chavez.

The Court also orders the Government to file a status report within ten days of this Order confirming that it has either provided Mr. Centeno Chavez with a bond hearing or released him.

IT IS SO ORDERED

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document.  Electronically filed documents can be found on the Court's PACER public access system.